

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-77,105

**TYRONE JAMAAL WILLIAMS, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON DIRECT APPEAL FROM CAUSE NO. 31293 IN THE 196TH DISTRICT COURT HUNT COUNTY

*Per curiam.*

### ORDER

The above-styled and numbered cause is pending before this Court as a result of appellant's capital murder conviction and resulting sentence of death in the 196th District Court of Hunt County, Cause No. 31293, styled The State of Texas v. Tyrone Jamaal Williams. Appellant has filed in this Court a "Motion to Abate Appeal and Remand Case for Completion of Appellate Record."

In his motion, appellant asks for the juror information cards and questionnaires to be included in the appellate record. Appellant should first present his request for the

disclosure of this information to the trial court. *See* TEX. CODE CRIM. PROC. Art. 35.29.

Appellant also lists several items that he contends are missing from the appellate record. Because the trial court is in a better position to determine the accuracy of the record, we abate the appeal and remand this cause to the trial court to resolve this issue. The trial court is directed to make findings of fact regarding whether the items in question have been omitted from the record, and if so, whether they should be included. If the trial court determines that certain items need not be included in the record, then the trial court should state its reasons for making that determination. If the trial court determines that any relevant items have been omitted from the clerk's record or reporter's record, then the trial court shall direct the clerk and/or court reporter to prepare, certify, and file in this Court a supplemental record containing the omitted items. *See* TEX. R. APP. P. 34.5(c)(1) & 34.6(d).

Appellant further asks us to "strike" the clerk's record and reporter's record that have already been filed in this Court and to "instruct the trial court to have the District Clerk and Court reporter create new records such that the entirety of the records correctly reflect the events in chronological order of occurrence." In addition, Appellant requests that the district clerk be ordered to "provide . . . appellate counsel with copies of all sealed and *ex parte* documents previously filed by the defense in the trial court" and to "provide both . . . appellate counsel and . . . counsel for the State of Texas with copies of documents filed under seal in the trial court but not filed *ex parte*[.]" We decline these

requests.

The findings shall be made and any necessary supplements shall be filed within 30 days of the date of this order.  Appellant's brief will be due in this Court within 30 days thereafter.

IT IS SO ORDERED THIS THE 14th DAY OF DECEMBER, 2022.

Do not publish